

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION**

| | |
|---|---|
| COREY DESHAWN TAYLOR, § | |
| Petitioner, § | |
| § | |
| vs. § | CRIMINAL ACTION NO.: 3:18-312-MGL |
| § | CIVIL ACTION NO.: 3:21-3934-MGL |
| UNITED STATES OF AMERICA, § | |
| Respondent. § | |

**MEMORANDUM OPINION AND ORDER
DENYING PETITIONER'S SECTION 2255 MOTIONS TO VACATE
AND FOR SUMMARY JUDGMENT
AND GRANTING RESPONDENT'S MOTON FOR SUMMARY JUDGMENT**

### I.   INTRODUCTION

Pending before the Court are Corey Deshawn Taylor's (Taylor) motion to vacate his sentence under 28 U.S.C. § 2255, and motion for summary judgment, asking his motion to vacate be granted, and the United States of America's (Respondent) motion for summary judgment, requesting Taylor's motion to vacate be denied.  Taylor is representing himself.

Having carefully considered the motions, the responses, the record, and the applicable law, it is the judgment of the Court Taylor's motions to vacate and for summary judgment will be **DENIED**, and Respondent's motion for summary judgment will be **GRANTED**.

### II.   FACTUAL AND PROCEDURAL HISTORY

A federal grand jury indicted Taylor, charging him with conspiracy to distribute five kilograms or more of cocaine and possessing a firearm in furtherance of a drug trafficking crime,

in violation of 21 U.S.C. §§ 846, 841(a)(1)(A), 841(b)(1), and 18 U.S.C. § 924(c)(1)(A)(i), respectively. Presentence Investigation Report (PSR) ¶ 2-3.

Before Taylor's indictment, police officers executed search warrants at multiple residences associated with Taylor. *Id.* ¶ 23-26. The officers found several firearms and over a kilogram of cocaine. *Id.*

After officers read Taylor his *Miranda* rights, he admitted to his role as a supplier of cocaine and marijuana and admitted to possessing firearms and ammunition. *Id.* ¶ 28. Taylor entered a plea of guilty to the lesser included offense of the first count of the indictment, conspiracy to possess with intent to distribute five hundred grams or more of cocaine, pursuant to a plea agreement. *Id.* ¶ 6.

Pursuant to the plea agreement, Respondent agreed to drop the second count, possession of a firearm in furtherance of a drug trafficking crime, so long as Taylor complied with all conditions in the agreement. *Id.* ¶ 7.

The following colloquy occurred at Taylor's change of plea hearing, after his being sworn in:

> THE COURT: . . . . Mr. Taylor, let me ask you some . . . questions. These have to do with the services that have been provided by your attorney. Are you satisfied with the manner in which your lawyer has advised you and represented you?
> . . . .
> TAYLOR: Yes, ma'am.
> THE COURT: Have you talked with your lawyer for as long as you feel it is necessary for him or her to represent you?
> . . . .
> TAYLOR: Yes, ma'am.
> THE COURT: Would you like any more time to talk to your lawyer before we continue?
> . . . .
> TAYLOR: No, ma'am.
> THE COURT: Have you understood all of the conversations that you've had with your lawyer?

|  |  |
|---|---|
|  | . . . . |
| TAYLOR: | Yes, ma'am. |
| THE COURT: | Okay. Has your lawyer failed to do anything that you have asked him or her to do? |
|  | . . . . |
| TAYLOR: | I'm fine. |
| THE COURT: | Okay. So are you fully satisfied with your lawyer's services? |
|  | . . . . |
| TAYLOR: | Yes, ma'am. |
| THE COURT: | Okay. Any complaint about him or her that you would like to make me aware of before we continue? |
|  | . . . . |
| TAYLOR: | No, ma'am. |

Tr. of Change of Plea at 9:12-11:3.

During the hearing, the Court additionally advised Taylor of the material consequences of pleading guilty, including his waiving of the following: his right to a jury trial, his right of refusing to incriminate himself, the right to challenge incriminating statements he made during the investigation, and any defenses to the charges. *Id.* at 11:4-13:18.

At Taylor's change of plea hearing, the Court also questioned whether he understood the charges being brought against him:

| MR. GARNER: | . . . . Mr. Taylor is charged in a two-count indictment. Pursuant to the terms of the plea agreement, he has agreed to plead guilty to Count 1.<br>Count 1 had charged Mr. Taylor in a conspiracy to distribute and possess with intent to distribute 5 kilograms or more of cocaine. However, pursuant to the terms in the plea agreement, the government has agreed to allow Mr. Taylor to plead guilty to the lesser included offense to conspire to distribute and possess with intent to distribute 500 grams or more of cocaine, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(B), and 846.<br>The essential elements necessary to sustain a conviction are as follows:<br>First, that the conspiracy described in the indictment to distribute the charged amount of controlled substances was willfully formed and existing at or about the alleged time.<br>Second, that Mr. Taylor willfully became a member of the conspiracy. |
|---|---|

|               |                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                             |
|---------------|-------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|
|               | And third, that Mr. Taylor distributed a quantity of controlled substances equal to or in excess of the amount charged in Count 1, agreed to assist in the distribution of a quantity of controlled substances equal to or in excess of the amount charged in Count 1, or that the distribution of the threshold quantity of controlled substances equal to or in excess of the amount charged in Count 1 was reasonably foreseeable to Mr. Taylor, and the same was within the scope of the defendant's agreement and understanding. |
|               | The penalty that applies to Mr. Taylor in this case is as follows: He faces a minimum term of imprisonment of five years, a maximum term of imprisonment of 40 years, no probation, no parole, a fine of $5 million, and a term of supervised release of at least four years in addition to any term of imprisonment, plus a special assessment of $100. |
| THE COURT:    | All right. Thank you, Mr. Garner. |
|               | All right. Ms. Evatt, did we hear an accurate summary of the indictment and the relevant elements and penalties for the count to which he's pleading? |
| MS. EVATT:    | Yes, Your Honor. |
| THE COURT:    | All right. Mr. Taylor, you heard what Mr. Garner said. |
| TAYLOR:       | Yes, ma'am. |
| THE COURT:    | Sir, do you understand the nature of the charge against you and the range of potential punishments you face? |
| TAYLOR:       | I do, ma'am. |
| THE COURT:    | I find the defendant Corey Deshawn Taylor fully comprehends and understands the nature of the charge against him and generally what elements the government would have to prove if a trial were held as well as the range of potential punishments faced. |
|               | All right. Mr. Taylor, you've heard all that. Do you still want to plead guilty? |
| TAYLOR:       | I do, ma'am. |

*Id.* at 32:23-34:25.

Finally, Taylor attested his guilty plea was of his own free will and accord:

| THE COURT: | And sir, other than what is contained in the plea agreement, has anyone promised you anything or offered any hope of reward to get you to plead guilty? |
|------------|----|
| TAYLOR:    | No, ma'am. |
| THE COURT: | Has anyone threatened you, pressured you, intimidated you, or used force to get you to plead guilty? |
| TAYLOR:    | No, ma'am. |

4

| | |
|---|---|
| THE COURT: | Mr. Taylor, have you had enough time to decide whether or not you want to plead guilty? |
| TAYLOR: | I have, ma'am. |
| THE COURT: | Are you pleading guilty of your own free will and accord? |
| TAYLOR: | Yes, Ma'am. |

*Id.* at 39:17-40:4.

Prior to Taylor's sentencing, the United States Probation Office prepared a PSR, which stated Taylor was accountable for 1000 kilograms of converted drug weight, a two-level enhancement for possessing a firearm in connection with drug trafficking, and a two-level enhancement for maintaining a premises for the purpose of drug distribution. PSR ¶ 56-58.

As the sentencing transcript below reveals, Taylor's counsel, Katherine Evatt (Counsel), objected to the two-level enhancement for maintaining a premises for the purpose of drug distribution (stash house enhancement) and Respondent agreed to forego pursuing the enhancement.

The following is the transcript from a portion of Taylor's sentencing hearing:

| | |
|---|---|
| MR. GARNER: | . . . Judge Lewis, I would note that Ms. Evatt did file an objection to paragraph 58 of the presentence investigation report. That's a stash house enhancement. I have consulted extensively with Ms. Evatt. The government has agreed not to move forward with that enhancement. |
| | . . . |
| THE COURT: | Okay. All right. Well, then let me ask Mr. Taylor: Sir, have you had enough time to go over the presentence report with Ms. Evatt? |
| TAYLOR: | Yes, ma'am. |
| THE COURT: | All right. Has she answered all your questions about it? |
| TAYLOR: | Yes, ma'am. |
| THE COURT: | Sir, do you understand the contents of the report? |
| TAYLOR: | Yes, I do. |

Tr. of Sentencing at 2:8-3:15.

This Court sentenced Taylor to a term of incarceration of one-hundred-thirty months followed by a supervised release period of four years and a special assessment of one hundred dollars. Judgment was entered the next day.

Subsequently, Taylor filed the present motion to vacate, alleging six grounds for relief, all based upon a claim of ineffective assistance of counsel. Taylor also filed a motion for summary judgment. In response, Respondent filed its own motion for summary judgment, to which, Taylor filed a response. The Court, having been fully briefed on the relevant issues, will now adjudicate the motions.

### III.    STANDARD OF REVIEW

A prisoner in custody under sentence of a federal court may move the court which imposed the sentence to vacate, set aside, or correct the sentence. 28 U.S.C. § 2255. Four grounds exist upon which relief may be claimed under the statute: (1) where the sentence was imposed in violation of the Constitution or laws of the United States; (2) where the court was without jurisdiction to impose such a sentence; (3) where the sentence was in excess of the maximum authorized by law; and (4) where the sentence is otherwise subject to collateral attack. *Id.*

The Sixth Amendment's right to counsel has been interpreted as giving "a person accused of a federal or state crime [] the right to have counsel appointed if retained counsel cannot be obtained." *Strickland v. Washington*, 466 U.S. 668, 685 (1984). Further, "the right to counsel is the right to effective assistance of counsel." *Id.* at 686. Thus, a claim of ineffective assistance of counsel is sufficient grounds under a Section 2255 motion because it violates the Constitution.

To prevail on a claim of ineffective assistance of counsel, a petitioner must show (1) "counsel's performance was deficient" (the performance element) and (2) "the deficient performance prejudiced the defense" (the prejudice element). *Id.* at 687.

To determine whether counsel's performance was deficient, the court must use an objective standard and determine whether the performance was that of reasonably effective assistance under prevailing professional norms. *Id.* "Judicial scrutiny of counsel's performance must be highly deferential." *Id.* at 689. Additionally, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance[.]" *Id.*

To determine whether the deficient performance prejudiced the defense, "the defendant must show, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. Thus, the court's inquiry is whether the sentence or conviction would have reasonably likely been different absent counsel's errors. *Id.* at 696. The petitioner raising an ineffective assistance challenge has an affirmative obligation to prove prejudice. *Id.* at 693.

In the context of a guilty plea, the performance element of the *Strickland* test is unaffected. The prejudice element, however, asks whether the defendant has shown "there is a reasonable probability, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

IV.     **DISCUSSION AND ANALYSIS**

As an initial matter, Taylor requests the Court hold an evidentiary hearing. In deciding a 28 U.S.C. § 2255 motion, the Court must hold a hearing unless "the motion and the files and the records of the case conclusively show [] the prisoner is [un]entitled to relief[.]" 28 U.S.C. § 2255. For the reasons explained below, the Court determines a hearing is unnecessary.

> **A.     *Whether counsel was ineffective for allegedly failing to communicate with Taylor and inform him of the relevant circumstances and likely consequences of pleading guilty, as opposed to proceeding to trial***

Taylor asserts Counsel was ineffective because she failed to consult or explain the general strategy and likely sentence Taylor would receive if he plead guilty. Respondent counters Counsel was effective because Taylor stated he was fully informed of the charges against him and of the maximum penalties. Respondent also notes at Taylor's guilty plea proceeding, the Court ensured he was making his plea knowingly, competently, and with an understanding of the consequences of pleading guilty.

Although Taylor claims Counsel failed to tell him what his likely sentence would be, he also states Counsel informed him he would likely get a sentence less than ten years if he plead guilty, or a sentence of twenty or more years if he went to trial.

Further, as stated above, Taylor attested at his change of plea hearing he was fully informed of his charges and their maximum penalties at his guilty plea, which contradicts Taylor's present assertion he was uninformed. Taylor also attested he was pleading guilty knowingly and voluntarily, and he understood the consequences of pleading guilty versus going to trial, which contradicts the present complaint Taylor was uninformed. Thus, this claim should be dismissed. *See United States v. Lemaster*, 403 F.3d 216, 222 (4th Cir. 2005) (ruling a district court should, without an evidentiary hearing, dismiss any Section 2255 motion claim that necessarily relies on allegations that contradict sworn statements in open court).

In addition, as the Court also stated above, Taylor accepted the plea agreement, and the Court sentenced him to 130 months, which is around the range he recognizes Counsel said he would receive. Thus, Counsel's actions as alleged by Taylor fail to show unreasonable assistance of counsel. As such, Taylor is unable to fulfill the performance element of his claim.

But, even if Counsel ineffectively and unreasonably assisted Taylor, Taylor fails to assert, but for Counsel's error, he would have insisted on going to trial. Taylor's statement the plea agreement was a dummy plea is insufficient to show he was interested in pursuing a trial instead of accepting the plea. Thus, Taylor fails to establish the prejudice element of his *Strickland* claim as well.

Therefore, for all these reasons, Taylor's claim for ineffective assistance of counsel for failure to communicate will be denied.

### B.     *Whether counsel was ineffective for failing to file a motion to suppress evidence*

Taylor claims Counsel was ineffective because her failure to file a motion to suppress evidence went against Taylor's request Counsel challenge the search warrant. Respondent contends Taylor is unable to establish Counsel was effective because Taylor stated under oath, at his guilty plea proceeding, Counsel had done everything Taylor asked her to do. Respondent also asserts Taylor is unable to demonstrate his attorney's failure to make a motion to suppress evidence was objectively unreasonable or he was prejudiced by that decision.

Where a claim of ineffective assistance of counsel is brought based on counsel's failure to file a motion to suppress, the Court must apply a "refined version of the *Strickland* analysis." *United States v. Pressley*, 990 F.3d 383, 388 (4th Cir. 2021).

To analyze the performance element, the Court must ask "whether the unfiled motion would have had some substance[,]" and if so, "whether reasonable strategic reasons warranted not filing the motion." *Id.* To satisfy the prejudice element, "the defendant must show[:] (1) the [motion to suppress] was meritorious and likely would have been granted, and (2) a reasonable probability that granting the motion would have affected the outcome of his trial." *Id.*

9

A defendant's sworn statements made during a guilty plea proceeding "carry a strong presumption of verity," therefore, "a district court [must] dismiss any [Section] 2255 motion [claim] that necessarily relies on allegations that contradict [them]." *Lemaster*, 403 F.3d at 221-22.

To start, although multiple search warrants were executed by police, Taylor states he asked Counsel to challenge "the search warrant." But, Taylor fails to indicate which search warrant he requested Counsel to challenge. However, even assuming Taylor desired all search warrants be challenged, his claim for ineffective assistance of counsel falls short for the reasons detailed below.

As stated above, Taylor claims he requested Counsel to challenge the search warrant police used to obtain evidence in their case against him, but Counsel failed to do so. But, as the transcript from Taylor's guilty plea proceeding shows, Taylor stated, "I'm fine" when asked by the Court whether his "lawyer failed to do anything that [he] asked him or her to do[.]" Tr. of Change of Plea at 10:7-20. Also, Taylor asserted, "[y]es ma'am" when asked whether he was "fully satisfied with [his] lawyer's services[.]" *Id.* at 10:21-23. And, Taylor stated, "[n]o, ma'am" when asked whether he had "any complaint about [Counsel] that he would like to make [Judge Lewis] aware of[.]" *Id.* at 10:25-11:3.

As before, Taylor's allegations here directly contradict the sworn statements at his change of plea proceeding. Thus, even accepting Taylor's allegations in his Section 2255 motion as true, this claim must fail because it directly contradicts his sworn testimony at his change of plea hearing.

But, assuming that testimony was unavailable, and that Counsel's performance was indeed ineffective, Taylor is unable to meet the prejudice requirement. Taylor's belief the government lacked probable cause to search his home, standing alone, is insufficient to show a motion to

10

suppress was meritorious and likely to be granted. In fact, Taylor fails to explain why the Court would have likely granted a motion to suppress.

Therefore, Taylor is unable to meet the refined prejudice requirement from *Pressley* for his claim Counsel was ineffective by failing to make a motion to suppress. As such, for all these reasons, the Court will deny this claim, as well.

### C.  *Whether counsel was ineffective for allegedly failing to conduct an adequate and independent pretrial investigation*

Taylor posits Counsel was ineffective because she was obligated to conduct an independent investigation of his case and her failure to do so caused Taylor to act in accordance with bad advice. Respondent urges Counsel was effective because Taylor's present claim is inconsistent with the satisfaction he expressed at his change-of-plea hearing regarding Counsel, therefore, he is unable to establish she was ineffective. Respondent further states Counsel's pretrial decisions constituted effective pretrial strategy.

The Fourth Circuit has held "[a]lthough counsel should conduct a reasonable investigation into potential defenses, *Strickland* does not impose a constitutional requirement that counsel uncover every scrap of evidence that could conceivably help their client." *Green v. French*, 143 F.3d 865, 892 (4th Cir. 1998), *abrogated on other grounds by Williams v. Taylor*, 529 U.S. 362 (2000).

Taylor's contention Counsel failed to conduct an independent investigation is inconsistent with sworn statements he made during his change of plea proceeding. As the Court noted before, the transcript from Taylor's guilty plea proceeding shows, Taylor stated, "I'm fine" when asked by the Court whether his "lawyer failed to do anything that [he] asked him or her to do[.]" Tr. of Change of Plea at 10:7-20. Again, Taylor asserted, "[y]es ma'am" when asked whether he was "fully satisfied with [his] lawyer's services[.]" *Id.* at 10:21-23. Further, as the Court already

stated, Taylor stated, "[n]o, ma'am" when asked whether he had "any complaint about [Counsel] that he would like to make [Judge Lewis] aware of before we continue[.]" *Id.* at 10:25-11:3.

And again, as per Fourth Circuit precedent, "a district court should dismiss any [Section] 2255 motion [claim] that necessarily relies on allegations that contradict [] sworn statements." *Lemaster*, 403 F.3d at 221-22.

Further, Counsel stated in her affidavit Taylor indicated he wanted to plead guilty, and she believed the best focus of her efforts was on obtaining the best possible plea deal. The Court is unpersuaded Counsel's decision to focus on a plea deal rather than focusing her efforts on further investigating the case was unreasonable performance under *Strickland*.

Nevertheless, even assuming Counsel unreasonably performed her duties, Taylor fails to establish there is a reasonable probability the outcome of the case would have been different but for Counsel's error. In other words, he has neglected to show, or even to assert, he ever considered going to trial. Thus, Taylor is unable to satisfy the prejudice prong from *Strickland*.

Therefore, Taylor fails to establish a claim of ineffective assistance of counsel for failure to conduct a pretrial investigation because he is unable to satisfy either prong of the *Strickland* test. As such, the Court will deny this claim, too.

D.     ***Whether counsel was ineffective for allegedly failing to review, discuss, and explain the PSR to Taylor prior to the sentencing hearing***

Taylor asserts Counsel was ineffective because she failed to explain the PSR to him prior to the sentencing hearing, and instead mailed Taylor the PSR and asked him to mail to her his objections. Respondent avers Counsel was effective because Taylor's statements under oath at his sentencing hearing directly contradict Taylor's present claim Counsel failed to review the PSR with him.

Yet again, Taylor's arguments here run sideways into his sworn statements to the Court, this time, at his sentencing hearing. At that hearing, as stated above, Taylor attested he had enough time to go over the PSR with Counsel, Counsel had answered all his questions about the PSR, and he understood the contents of the PSR. Taylor's allegations now are insufficient to refute his sworn testimony to the contrary. *See Id.* (ruling "a district court should dismiss any [Section] 2255 motion [claim] that necessarily relies on allegations that contradict [] sworn statements.").

Therefore, the Court will also deny Taylor's claim Counsel was ineffective for failing to review, discuss, and explain the PSR..

### E.     *Whether counsel was ineffective for allegedly failing to properly present his two objections to the PSR*

Taylor claims Counsel was ineffective because she failed to bring Taylor's two objections to the PSR as written objections beforehand or at the sentencing hearing. Taylor's first objection was to the stash house enhancement, and his second objection was to the firearm enhancement.

Respondent contends Counsel was effective because she did, in fact, object to the stash house enhancement. Additionally, Respondent asserts, although Taylor's objection to the firearm enhancement was never made, Counsel acted reasonably by deciding pursuit of that objection would be unavailing.

Starting with the stash house enhancement, Counsel did, in fact, object to the stash house enhancement and was able to reach a deal with Respondent to forgo pursuit of this enhancement. Therefore, this argument is wholly without merit.

Moving to the firearm enhancement, assuming Counsel performed deficiently by failing to object to the enhancement, Taylor fails to assert how the deficient performance prejudiced his defense. As the Court mentioned above, after officers arrested Taylor, they read his *Miranda* rights

13

to him and Taylor freely admitted all of the marijuana, cocaine, and firearms located within the residence belonged to him. PSR ¶ 28.

Therefore, considering police officers found weapons during the execution of search warrants on residences associated with Taylor, and the fact he admitted to possessing the firearms post-*Miranda*, Taylor is unable to demonstrate, but for Counsel's alleged deficient performance, the result of the proceeding would have been different.

Therefore, Taylor's claim for ineffective assistance of counsel for failure to present his two objections to the PSR will be denied, too.

### F.     *Whether counsel was ineffective for failing to file an appeal and/or consult him about filing a notice of appeal*

Taylor posits Counsel was ineffective because he desired to file a notice of appeal, but Counsel failed to consult him about filing one. Respondent asserts Counsel was effective because Taylor never indicated a desire for an appeal and the bare assertion Counsel failed to bring one is insufficient to state a claim. Respondent further avers, assuming a failure to consult, Counsel lacked a duty to do so.

To fulfill the performance prong from *Strickland* for a claim such as this, the Fourth Circuit has held counsel must consult with a defendant regarding an appeal "where there is reason to believe either (1) a rational defendant would want to appeal or (2) the defendant reasonably demonstrated to his attorney [] he was interested in appealing." *United States v. Poindexter*, 492 F.3d 263, 268 (4th Cir. 2007). To determine whether counsel has a constitutional duty to consult in cases involving guilty pleas, this court must consider "whether the defendant received the sentence bargained for as part of the plea and whether the plea expressly reserved or waived appeal rights." *Id.*

14

Here, Taylor and Counsel bargained for and agreed his sentence should be one hundred-thirty months, and the Court imposed such a sentence on Taylor. Additionally, Taylor's plea agreement contained an appeal waiver in which Taylor expressly waived his right to an appeal. Under these circumstances, the first factor of the performance element from *Strickland* fails because an appeal would be undesirable to a rational defendant.

Furthermore, although Taylor asserts a desire to file an appeal, he failed to allege he informed Counsel about his interest in appealing. Thus, the second factor of the performance element under *Strickland* lacks merit because Taylor is unable to show he reasonably demonstrated to Counsel his interest in appealing.

Therefore, this ineffective assistance of counsel claim will be denied as well.

V.  **CONCLUSION**

For the reasons stated above, it is the judgment of the Court Petitioner's motion to vacate, request for an evidentiary hearing, and motion for summary judgment are all **DENIED**; and Respondent's motion for summary judgment is **GRANTED**.

To the extent Taylor asks for a certificate of appealability, such request is also **DENIED**.

**IT IS SO ORDERED.**

Signed this 25th day of July 2024, in Columbia, South Carolina.

s/ Mary Geiger Lewis  
MARY GEIGER LEWIS  
UNITED STATES DISTRICT JUDGE

*****
**NOTICE OF RIGHT TO APPEAL**

Taylor is hereby notified of the right to appeal this Order within sixty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.